Albert **FLAKSA**, Appellant,

v.

**LITTLE RIVER MARINE CONSTRUCTION CO., Inc.**, Appellee.

No. 22367.

United States Court of Appeals
Fifth Circuit.

Feb. 8, 1968.

Alan R. Schwartz, Thomas W. McAliley, Robert Orseck, Walter H. Beckham, Jr., Aaron Podhurst, Miami, Fla., for appellant.

Richard F. Ralph, Miami, Fla., for appellee.

Before BROWN, Chief Judge, JONES, Circuit Judge, and BREWSTER, District Judge.

BREWSTER, District Judge:

This admiralty proceeding was begun by appellee's petition for exoneration from or limitation of liability for damages resulting from a flash fire on a self-propelled barge owned by it. The appellant filed an answer to the petition and a claim for damages for alleged serious personal injuries growing out of the incident. Eight months after issue was joined, the trial court *sua sponte* entered an order striking the appellant's answer to the petition, dismissing his claim with prejudice, and decreeing that appellee was not responsible for the fire or liable for any damages resulting from it. The basis for the order was that appellant's proctor had "failed to abide by the orders and rules of this Court regulating pre-trial procedure applicable to this case in numerous respects", and that the sum total of his conduct amounted to a failure to prosecute his claim with reasonable diligence. A motion by appellant for rehearing under Rule 60(b), F.R.Civ.P. was overruled. The case is now before us on the sole question of whether the order was too drastic under the circumstances.

The order in question was entered after the appellant's proctor having the responsibility for trying the case failed to appear at a pre-trial conference. There was a background of that proctor's dereliction and failure to meet his responsibilities at every stage of this proceeding from the time issue was joined. The poorly prepared partner appellant's proctor sent to the pre-trial conference to act as his substitute put it mildly when he said at the beginning of the hearing: "Judge, I am not going to tax your patience with excuses. I think that our office has been derelict in its duty to the Court and I want you to accept my apologies. Although it is a sincere apology, I doubt if it is much comfort to you in a situation like this. I can't think of a worse time to come before the Court without a pre-trial stipulation which was following up the proceedings before." In spite of the fact that notice of the pre-trial conference was given over one hundred days before the date it was to be held, appellant's proctor completely ignored all provisions of the order relating to the preliminary work of counsel so necessary to make pre-trial effective. He came to the pre-trial conference totally unprepared, with nothing to offer except a motion for continuance. Even though the motion had no merit, the Court granted a few days additional time with instructions that the pre-trial conference would be called at the first opportunity on short notice. Appellant's proctor did nothing more during the following eleven days of grace. After he received notice of the new date for the pre-trial conference, he decided it was more important for him to go to a meeting in another city, and sent to the conference another member of the firm who had never heard of the case until the afternoon before the hearing. The proctor for the appellee had made ar-

rangements to attend the same meeting, but cancelled his plans in order to be present at the pre-trial proceeding.

As is true in most cases of dereliction of counsel, appellant's proctor had his excuses. The real meaning of most of them was that he just had something he thought was more important every time he had a responsibility to meet during the discovery and pre-trial preparation stages of this case. His trouble was that he was doing too much judging and too little advocating. He always made the decisions on the validity of his excuses expecting the judge to manage his docket accordingly.[1] There is, however, nothing whatever in the record to indicate that the appellant had any knowledge of, or participation in, any of the derelictions of his counsel.

It is well established that the district court has the authority to dismiss or to enter default judgment, depending on which party is at fault, for failure to prosecute with reasonable diligence or to comply with its orders or rules of procedure.[2] While the authority is reiterated in some of the Federal Rules of Civil Procedure for particular situations, the power is one inherent in the courts "in the interest of the orderly administration of justice."[3] It may be exercised *sua sponte* under proper circumstances.[4] The exercise of the authority is discretionary, and is subject to review for abuse of discretion.[5] Dismissal of an action with prejudice and entry of judgment by default are drastic remedies which should be used only in extreme situations,[6] as the court has a wide range

1. "* * * With knowledge of the time and place of the pre-trial hearing, plaintiff's counsel chose to complete his out-of-court work and called the district court and so advised it. In our opinion, this falls short of being a legitimate excuse for failing to appear in court at the time fixed." Link v. Wabash R. Co., 7 Cir., 291 F.2d 542, 546 (1961), affirmed 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

"Counsel for litigants, no matter how 'important' their cases are, cannot themselves decide when they wish to appear, or when they will file papers required in a law suit. Chaos would result. * * *" Smith v. Stone, 9 Cir., 308 F.2d 15, 18 (1962), quoted with approval in Nasser v. Isthmian Lines, 2 Cir., 331 F.2d 124, 128 (1964).

2. Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), affirming 7 Cir., 291 F.2d 542; United States v. Proctor & Gamble Co., 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958); Marshall v. Southern Farm Bureau Casualty Co., D.C.La., 36 F.R.D. 186, affirmed, 5 Cir., 353 F.2d 737 (1966), cert. den. 384 U.S. 910, 86 S.Ct. 1352, 16 L.Ed.2d 363; Durgin v. Graham, 5 Cir., 372 F.2d 130 (1967); Deep South Oil Co. of Texas v. Metropolitan Life Ins. Co., 2 Cir., 310 F.2d 933 (1962); Demeulenaere v. Rockwell Mfg. Co., 2 Cir., 312 F.2d 209 (1962); Trans World Airlines, Inc. v. Hughes, 2 Cir., 332 F.2d 602 (1964); West v. Gilbert, 2 Cir., 361 F.2d 314 (1966); Diapulse Corp. of America v. Curtis Pub. Co., 2 Cir., 374 F.2d 442 (1967); O'Brien v. Sinatra, 9 Cir., 315 F.2d 637 (1963); Montgomery v. C. I. R., 9 Cir., 367 F.2d 917 (1966); Fitzsimmons v. Gilpin, 9 Cir., 368 F.2d 561 (1966); Meeker v. Rizley, 10 Cir., 324 F.2d 269 (1963). Annotation: Dismissal of Action for Failure or Refusal of Plaintiff to Obey Court Order, 4 A.L.R.2d 348. 5 Moore, Federal Practice, 2d ed., p. 1041.

3. "* * * It is sheer sophistry to argue that the trial court has no inherent power to enforce its rules, orders or procedures, and to impose appropriate sanctions for failure to comply. The authorities are all to the contrary." Link v. Wabash R. Co., 7 Cir., supra, note 1, at p. 545 of 291 F.2d.

"The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered as an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. * * *" Link v. Wabash R. Co., supra note 1, at p. 630 of 370 U.S., 82 S.Ct. p. 1389.

"Moreover the dismissal was within the inherent power of the court to enforce its orders and manage its affairs." Marshall v. Southern Farm Bureau Cas. Co., 5 Cir., 353 F.2d 737 (1966).

4. See cases cited in footnote 2.

5. See cases cited in footnote 1.

6. "The dismissal of an action with prejudice or the entry of a judgment by default are drastic remedies, and should

of lesser sanctions.[7] These rules are applicable to admiralty proceedings.[8]

■ This Court, while recognizing and enforcing the exercise of the power of final disposition of litigation as a sanction in some cases,[9] has adopted the view that such action is too harsh except in extreme circumstances. It has generally followed the more modern tenor appearing in the following quotation from the opinion in the recent case of Durham v. Florida East Coast Ry. Co., 385 F.2d 366, where Judge Wisdom, after recognizing the inherent power now under discussion, said: " * * * The decided cases, while noting that dismissal is a discretionary matter, have generally permitted it only in the face of a clear record of delay or contumacious conduct by the plaintiff * * * " Oth-

er cases by this Court emphasizing the importance, except in the most flagrant circumstances, of resorting to sanctions that do not deprive a litigant of his day in court are Woodham v. American Cystoscope Company of Pelham, 5 Cir., 335 F.2d 551 (1964), and Council of Federated Organizations v. Mize, 5 Cir., 339 F.2d 898 (1964). We are fully aware of the impelling need for cooperation from parties and attorneys to keep litigation on congested dockets moving; but except in extreme circumstances, the court should first resort to the wide range of lesser sanctions which it may impose upon the litigant or the derelict attorney, or both. The inherent power of a court to manage its affairs necessarily includes the authority to impose reasonable and appropriate sanctions upon errant lawyers practicing before it.[10]

be applied only in extreme circumstances. * * * " Independent Productions Corp. v. Loew's Inc., 2 Cir., 283 F.2d 730, 733 (1960).
" * * * The sanction of dismissal is the most severe sanction that a court may apply, and its use must be tempered by a careful exercise of judicial discretion. * * * " Durgin v. Graham, 5 Cir., 372 F.2d 130, 131 (1967).

7. Woodham v. American Cystoscope Company of Pelham, N. Y., 5 Cir., 335 F.2d 551, 556 (1964). See also: Annotation: Dismissal of Action for Failure or Refusal of Plaintiff to Obey Court Order, 4 A.L.R.2d 348; Waterman, An Appellate Judge's Approach when Reviewing District Court Sanctions Imposed for the Purpose of Insuring Compliance with Pretrial Orders. 29 F.R.D. 420 (1961); Rosenberg, Sanctions to Effectuate Pretrial Discovery, 58 Col.L.Rev. 480 (1958); Comment, Sanctions at Pre-Trial Stages, 72 Yale L.Jour. 819 (1963); 3 Moore, Federal Practice, 2d ed. pp. 1129–1130.

8. L. Skalney Basket Co. v. S. S. Radnik, 2 Cir., 312 F.2d 177 (1963); Kelley v. United States, 1 Cir., 338 F.2d 328. (1964). (These cases are cited because the judgment in this case was entered prior to 1966).

9. Marshall v. Southern Farm Bureau Cas. Co., supra, note 3.

10. See also texts cited in footnote 7. The view taken by this Court that the trial court has the inherent power to impose

reasonable sanctions upon an errant attorney, where appropriate, indicates approval of the observations of Chief Judge Biggs and Judge Goodrich in the following quotations from their respective dissenting opinions in Gamble v. Pope & Talbert, Inc., 3 Cir., 307 F.2d 729 (1962):

*Chief Judge Biggs:*

"The power of a court to discipline members of its own bar can scarcely be doubted seriously. An attorney is under no obligation to seek admission to the bar of a United States district court. He is at liberty to abstain from membership in that or any other bar. But when he does apply and is admitted he secures certain privileges and also assumes definite obligations.

"The power of a court to impose appropriate and reasonable sanctions upon those admitted to its bar is a familiar phenomenon and lies within the inherent power of any court of record. * * * " 307 F.2d, at 735.

*Judge Goodrich:*

"Now the judge may also discipline the members of the bar of his court and, in cases calling for it, may suspend them or punish them for contempt. It seems to me clear that with all this authority which the judge undoubtedly has that he can also impose sanctions for the disciplining of lawyers who, in matters not amounting to contempt, do not obey rules If a judge is going to organize, either alone or with fellow judges, the business of the court, there must be authority to impose reasonable sanctions for

The *Woodham* case, supra, at p. 557, says that "courts may resort to disciplinary action against the erring attorney," and quotes with approval the following from Sanctions at Pre-Trial Stages, 72 Yale L.Jour. 819, 830:

> "  *  *  * In addition, alternative modes of discipline against the attorney might include: (1) a reprimand by the court, (2) a finding of contempt, or (3) a prohibition against practicing for a limited time before the court whose order was neglected or disregarded. It seems fairly clear that the judicious use of such measures would tend to promote attorney compliance in the first instance."

 █ We are convinced that the able trial judge was more than patient under the circumstances, but we feel that he erred in imposing the drastic sanctions upon the innocent litigant resulting in termination of the litigation adversely to him. Since this was apparently a single claim limitation proceeding, striking the appellant's claim and answer left the petition for limitation undenied, which in turn results in the Court in effect granting exoneration and denying privity, either or both of which are frequently formidable issues for the shipowner. This proceeding was filed only a short time after the occurrence of the flash fire that gave rise to it, and it was less than a year old at the time it was dismissed. There was no indication that the appellant's claim was vexatious or fictitious. The admitted delay was not so long drawn out as to indicate a desire not to prosecute. The appellant was in no way connected with or responsible for, his proctor's dilatory conduct. While we do not condone that conduct, we feel that

the circumstances of the case are not such that the appellant should lose his day in court.[11]

The judgment is reversed with directions to re-instate the case to its status as of the time the final decree was entered. It will be within the trial court's discretion to impose reasonable sanctions upon the appellant or his proctor, or both, short of final disposition of the case without an opportunity to be heard. In arriving at his decision, the trial judge may take into account the full record of conduct in this case from the beginning. Diapulse Corp. of America v. Curtis Pub. Co., 2 Cir., 374 F.2d 442, 447 (1967).

Reversed.

---

the breach of reasonable rules." 307 F. 2d, at p. 737.

11. We do not intend to leave the impression that no sanctions may be imposed upon an innocent litigant for derelict conduct of his counsel. Link v. Wabash R. Co., supra note 1, expressly recognizes that a litigant can be held responsible for such conduct. The Federal Rules of Civil Procedure contemplate it. We are

saying that where the facts are not such as to indicate that the litigant is a participant in the fault, sanctions finally depriving him of his day in court should be the last resort. This Court, in the *Woodham* case, supra, 335 F.2d, at p. 557, suggests a conditional order of dismissal or disciplinary action against the erring attorney as some of the available effective lesser sanctions in proper cases.