area was used as nothing more than a space to keep back-up merchandise for the Crowley and Rayne stores. In a thorough opinion the District Judge carefully analyzed the facts and the applicable law and it is our opinion that he reached the correct conclusion.

Judgment affirmed.

Denison Ray, Martha M. Wood, Jackson, Miss., for appellant.

William A. Allain, Asst. Atty. Gen., Charles A. Marx, Special Counsel, Miss. Hwy. Patrol, Joe T. Patterson, Atty. Gen., Jackson, Miss., for appellee.

Before GEWIN and BELL, Circuit Judges, and BOOTLE, District Judge.

**Alex THOMPSON, Jr., Appellant,**

v.

**J. D. FLEMING, Individually and as Patrolman of the Mississippi Highway Safety Patrol, Appellee.**

No. 25599.

United States Court of Appeals Fifth Circuit.

Oct. 17, 1968.

PER CURIAM:

The appellant complains of an order of the United States District Court for the Southern District of Mississippi denying his motion for a continuance and thereafter dismissing the complaint when his counsel refused to proceed to trial at the time and place when the case was docketed for trial. We affirm.

The complaint was filed on June 28, 1966. It was signed by two attorneys and a third attorney was shown as "of counsel". All three attorneys whose names appeared on the complaint listed their addresses as Jackson, Mississippi. The complaint was answered in July and on November 10, 1966, the deposition of the appellee was taken. A fourth attorney who also listed a Jackson, Mississippi address conducted the deposition. On April 4, 1967, another attorney who listed his address as Jackson, Mississippi, filed a written notice of appearance as counsel for the plaintiff. The record does not indicate that any of the attorneys mentioned ever withdrew from the case.

The case was originally docketed for trial on October 5, 1967, but was continued by the court until October 16, 1967, because other cases which appeared on the trial docket at that time ahead of this case were not completed. On Octo-

ber 16 when the case was called for trial, counsel who filed his appearance on April 4, as noted above, moved for a continuance and his motion was supported by the affidavit of one of the attorneys whose name appeared on the complaint. The continuance was sought on the ground that appellant's counsel had not been able to prepare for trial due to other pressing business matters. The court denied the motion and directed the parties to proceed. The appellee announced ready for trial. Counsel for the appellant declined to proceed. Thereupon, the court dismissed the complaint without prejudice.

We have carefully analyzed the record and conclude that the trial court did not abuse its discretion. The judgment is affirmed.

**Carmen C. SEXTON, Appellant,**

v.

**Max Robert FIGINS and National Car Rental System, Inc., Appellees.**

**No. 12583.**

United States Court of Appeals Fourth Circuit.

Argued Oct. 9, 1968.

Decided Oct. 15, 1968.

Hamilton O'Dunne, Baltimore, Md. (Patrick A. O'Doherty, Baltimore, Md., on brief), for appellant.

Herbert F. Murray, Baltimore, Md. (Smith, Somerville & Case, Baltimore, Md., on brief), for appellee.

Before BRYAN, WINTER and CRAVEN, Circuit Judges.

PER CURIAM:

In this automobile collision case Carmen C. Sexton, injured while a passenger in one car, sued Max Robert Figins and National Car Rental System, Inc., respectively the operator and owner of the other car, for damages. The accident happened in the nighttime of October 9, 1965 at the Friendship Airport near Baltimore, Maryland, just as or immediately after the plaintiff's automobile, proceeding westwardly (or southwestwardly) on Oak Road, turned left (southeastwardly) into Route 46 or Friendship Airport Road. Plaintiff's car was struck in the rear by defendant's car which was travelling southeastwardly on Route 46, headed for the administration or main building of the airport.

On submission of the issue of primary negligence of the defendant driver and contributory fault of the plaintiff, the jury found for the defendants. Upon review of the record we see no reversible error in the submissions or a lack of evidential warrant for the verdict. The judgment delivered in accordance with the verdict should stand.

Affirmed.