Ollie Mae BROWN and Margaret Brown, Plaintiffs-Appellants,

v.

Allen C. THOMPSON et al., Defendants-Appellees.

No. 28590.

United States Court of Appeals, Fifth Circuit.

Aug. 6, 1970.

Armand Derfner, James A. Lewis, Jackson, Miss., Milton M. Carrow, New York City for plaintiffs-appellants.

A. F. Summer, Atty. Gen. of Mississippi, William A. Allain, Asst. Atty. Gen., John E. Stone, City Atty., Robert G. Nichols, Jr., Special Counsel, Thomas

H. Watkins, Special Counsel, Jackson, Miss., for defendants-appellees.

Before JONES, WISDOM and COLEMAN, Circuit Judges.

JONES, Circuit Judge:

In Jackson, Mississippi, on May 11, 1967, during a demonstration, there was a confrontation between demonstrators and law enforcement officers. Shots were fired and Benjamin Brown was killed. His widow and mother, the appellants herein, brought an action for wrongful death under 42 U.S.C.A. § 1983, against the Mayor of Jackson, its Chief of Police, the State Commissioner of Public Safety, "John Doe," who "is one or more officers of the Police Department" of Jackson, "Richard Roe," who "is one or more officers of the Highway Patrol" of Mississippi, and Travelers Indemnity Company, the surety on the bonds of the Commissioner of Public Safety and "Roe." A claim was also asserted for wrongful death under the laws of Mississippi.

The complaint was filed May 10, 1968. The first count charged that the law enforcement officers were not properly trained and the defendants responsible for their training were liable for their wrongful act in shooting Brown. By Count Two the named defendants were charged with responsibility for the acts of their subordinates. Count Three charged liability under the State law for wrongful death, both statutory and common law. A claim for $100,000 compensatory damages and $100,000 punitive damages was made on each count. After answers were filed and the case was at issue and had been set for trial, a continuance was granted on application of the plaintiffs. Depositions were taken. By motions to produce and subpoenas duces tecum, the plaintiffs sought to obtain files and records of the Police and Highway Patrol. The defendants opposed the motion to produce and moved to quash the subpoena duces tecum. Both the motions to produce and the motions to quash were granted in part and denied in part. The district court required the production of some of the documents specified but declined to require the production of the files on the death of Benjamin Brown on the ground that the contents were privileged and that the files concerned parts of a homicide investigation which was then still open, the contents of which were highly confidential.

The case was again set for trial, this time for July 22, 1969. The plaintiffs moved for leave to dismiss without prejudice. The defendants objected. The plaintiffs asserted that they could not go to trial without the information contained in the files to which they had been denied access. The defendants filed a motion to dismiss with prejudice. In their motion it was recited that a continuance had previously been granted to permit the plaintiffs to develop evidence and that, as a result, depositions had been taken. It was also stated that the defendants had again prepared for trial and that since the plaintiffs announced that they could not proceed to trial, the cause should be dismissed with prejudice. The motion was granted. The cause was dismissed with prejudice. The plaintiffs have appealed.

The appellants concede that they would be unable to recover judgment without more evidence than that which they had been able to obtain. They had been denied access to the police report file on the investigation of the death of Brown. If access to the file was improperly denied it would follow that the judgment of dismissal with prejudice was error.

■■■ Government documents are the outstanding example of matter which is privileged and which is not subject to disclosure. 2B Barron & Holtzoff, Federal Practice and Procedure, p. 288, § 1003. It will expire upon the lapse of an unreasonable length of time. Whether there should be a disclosure is within the discretion of the trial court and, like other discretionary matters, the determination of the court should be made by a balancing of interests. The exercise of discretion, like other matters of discre-

tion vested in trial courts, will be considered upon review for an abuse of discretion. It is the unusual and exceptional case where the determination of the trial court is set aside. Swanner v. United States, 5th Cir. 1969, 406 F.2d 716; Adams v. United States, 5th Cir. 1958, 260 F.2d 467, cert. den., 359 U.S. 934, 79 S.Ct. 649, 3 L.Ed.2d 635 (1959). The judges of the Court of Appeals might well feel that under like circumstances they would have exercised the judicial discretion in a manner different from that in which it was exercised by the trial court. But, this is not a basis for reversing the determination of the trial court. The test is whether there has been an abuse of that discretion and in this case we hold that there was no such abuse.

By Rule 41(b) of the Rules of Civil Procedure, it is provided:

"For failure of the plaintiff to prosecute or to comply with these rules or any order of court, defendant may move for dismissal of an action or of any claim against him." Fed.R.Civ.P. 41(b).

The gloss which has been placed upon this rule in situations similar to that before this Court has been stated in this language.

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash Railroad Company, 370 U.S. 626, 629–630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734.

This Court, in a case somewhat analagous to the one now before it, has recognized and approved the above rule and has affirmed, upon the facts and circumstances before it, the dismissal with prejudice for the refusal of the plaintiff to proceed to trial. Thompson v. Fleming, 5th Cir. 1968, 402 F.2d 266. In the most recent of the cases decided by this Court involving this principle, it is said:

"It is well established that the district court has the authority to dismiss or to enter default judgment, depending on which party is at fault, for failure to prosecute with reasonable diligence or to comply with its orders or rules of procedure. While the authority is reiterated in some of the Federal Rules of Civil Procedure for particular situations, the power is one inherent in the courts 'in the interest of the orderly administration of justice.' It may be exercised sua sponte under proper circumstances. The exercise of the authority is discretionary, and is subject to review for abuse of discretion. Dismissal of an action with prejudice and entry of judgment by default are drastic remedies which should be used only in extreme situations, as the court has a wide range of lesser sanctions. * * *" Flaksa v. Little River Marine Construction Company, 5th Cir. 1968, 389 F.2d 885, 887–888, cert. den. 392 U.S. 928, 88 S. Ct. 2287, 20 L.Ed.2d 1387.

In the decided cases it is recognized that the dismissal of a case with prejudice is a drastic remedy to be used only in those situations where a lesser sanction would not better serve the interests of justice.

In the case before us it would seem that the only fault of the plaintiffs, if it be a fault, was their inability to prove their case at the time it was set for trial. They had hoped at the outset, we assume, that they would be entitled to look for and expect to find, in the police file, evidence or information leading to evidence which would establish or tend to establish that which they believed and had alleged. The inability of the plaintiffs to procure evidence from the police file at the time access was refused will not preclude them from obtaining evidence that might become available to them. Neither they nor their counsel have been guilty of any conduct such as justifies the imposition

of the severe sanction of a dismissal with prejudice. Here too, there should be a balancing of interests and the preservation of the cause of action of the plaintiffs, if any they have, outweighs the inconvenience occasioned to the defendants. We think there was an abuse of discretion in denying the plaintiffs' motion and granting the defendants' motion.

In so holding we are guided by a recent decision of this Court wherein it is said that

" '[T]he sanction of dismissal is the most severe sanction that a court may apply, and its use must be tempered by a careful exercise of judicial discretion.' [Case cited] The decided cases, while noting that a dismissal [with prejudice] is a discretionary matter, have generally permitted it only in the face of a clear record of delay or contumacious conduct by the plaintiff." Durham v. Florida East Coast Railway Company, 5th Cir. 1967, 385 F.2d 366, 368.

We conclude that the district court abused its discretion in dismissing the action with prejudice. The judgment of the district court in dismissing the action with prejudice is reversed. If the motion for dismissal without prejudice is renewed it should be granted upon such terms as the district court deems proper.

Reversed and remanded.

COLEMAN, Circuit Judge (dissenting).

I respectfully dissent as to the result.

When trial day approached for the second time, after the case had been pending for fourteen months, the plaintiffs frankly conceded that with the proof available they could not make out a case. They, therefore, moved for a non-suit without prejudice.

They had a choice of three roads to follow.

They could have gone to trial and suffered an unfavorable judgment, which would have been res adjudicata. Of course, they did not wish to take that course.

They could have moved, as they in fact did, for a dismissal without prejudice, in the hope that before the expiration of the six year statute of limitations they could come up with the necessary proof, from an inspection of the police files or otherwise. This would have left the defendants under the cloud of prospective litigation. Some of them were about to go out of office.

In the third place, plaintiffs could have moved for a review by the Court, in camera, of the police files to determine whether those files reasonably could be expected to reveal that which the plaintiffs could not otherwise prove, i.e., probable cause for an action in damages. So far as I can tell, no such motion was made.

The determinative factor as to the abuse of discretion is that the police officers gave the names of those who made statements in the police file purportedly identifying the officers who fired weapons on the occasion in question. These men, so identified, were Kenneth Dean, Barney Ray Cooper, and Luther Miles. These individuals were, of course, amenable to subpoena and examination by the plaintiffs. They were not police officers.

Plaintiffs are unquestionably entitled to every lawful opportunity to obtain all relevant evidence in a controversy to which they are parties. The procedures by which this may be done are plainly prescribed and available to all. Examination of confidential police files in a homicide case not yet closed, and for fishing purposes in the hope of learning something that might support an otherwise insupportable suit for damages, is not one of them. If it were, then all defendants in criminal prosecutions, already begun or anticipated, could file insupportable damage suits against police officers and take over the files.

As one of some experience in such matters, I am well aware that a favorite ploy of the law violator is to discourage

law enforcement officials by suing them on some pretext or another, false arrest or malicious prosecution or something else, if an officer dares arrest one of them or has to hurt him in the line of duty. This ought not to be encouraged beyond the requirements of due process, especially in a case admittedly without merit unless something can be turned up by fishing files presently confidential.

Plaintiffs have some responsibility for filing insupportable litigation, as they admittedly have done in this case. This is not only unfair to the defendants but it is a disservice to the judicial process.

On the basis of the available alternatives, one of which the plaintiffs did not seek to exercise, I would not hold that the trial judge committed an abuse of discretion by dismissing this case with prejudice.

Had he refused an in camera inspection to determine if the plaintiffs might later make a case when the files became available without injury to the public interest I would have held otherwise.