434 F.2d 1000
 Thomas L. McGRADY, Plaintiff-Appellee,
v.
D'ANDREA ELECTRIC, INC., Defendant-Appellant.
 No. 30259 Summary Calendar.*
*(1) Rule 18, 5th Cir.; See Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431
 
 F.2d 409 Part I.
 United States Court of Appeals, Fifth Circuit.
 Dec. 1, 1970.
 Dennis R. Deloach, Jr., of Fisher, Sauls, Adcock & Keough, Seminole, Fla., for appellant.
 Guillermo A. Ruiz, Brown, Ruiz, Watson & Goldstein, St. Petersburg, Fla., for appellee.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from the trial court's denial of defendant's motion to set aside a default judgment. The complaint in the instant suit was filed on June 17, 1968, and subsequently default was entered for failure to appear or answer. On December, 17, 1968, however, an order was entered vacating the default for a technical failure in service of process on the defendant. The summons was then reissued and the defendant corporation was served again on January 17, 1969. On January 24, 1969, the defendant corporation filed an 'answer' in the form of a letter from its president denying the allegations of the complaint. On March 24, 1969, pursuant to notice given to the parties, a pretrial conference was held. No representative from D'Andrea attended this conference. An order was entered after the conference directing the Clerk to enter default against the defendant because the letter of January 24 from the company's president did not constitute an answer and because a representative of the defendant failed to appear at the pretrial conference. Default was entered against the defendant on March 26, 1969. On April 7, 1969, the defendant through its attorney filed a timely motion to set aside the default, alleging certain defenses to the complaint. The motion was denied on November 7, 1969. Final judgment awarding damages to the plaintiff was entered April 17, 1970. The defendant appealed. We affirm.
 
 
 2
 The record in this case discloses sufficient evidence of appellant's delay and failure to comply with court rules to justify the entry of a default pursuant to F.R.Civ.P. Rule 55. There is considerable disagreement between the parties over whether the appellant's letter of January 24, 1969 satisfied the fundamental requirements of an answer set forth in F.R.Civ.P. Rule 8. We deem it unnecessary to decide whether appellant's purported 'answer' was adequate, however, for the district court also based its order on the appellant's failure to appear at pretrial conference. There is ample authority to uphold a district court's power to order entry of a default for failure to comply with court orders or rules of procedure. Flaksa v. Little River Marine Construction Co., 5th Cir. 1968, 389 F.2d 885.
 
 
 3
 In addition, we find no abuse of discretion in the trial judge's refusal to set aside the default judgment. A motion to set aside default or a judgment by default is addressed to the discretion of the trial court. The court should not reopen a default judgment merely because the party in default requests it, but should require the party to show both that there was good reason for the default and that he has a meritorious defense to the action. W. Barron & A. Holtzoff, Federal Practice and Procedure 1217 (Wright ed. 1958).
 
 
 4
 Affirmed.