Linda Roberta POND, Plaintiff-Appellant,

v.

**BRANIFF AIRWAYS, INCORPORATED,** Defendant-Appellee.

No. 71–2450

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 4, 1972.

* ■ Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Bob Hoblit, Odessa, Tex., for plaintiff-appellant; Burnett & Childs, Odessa, Tex., of counsel.

R. A. Wilson, Underwood, Wilson, Sutton, Heare & Berry, Amarillo, Tex., for defendant-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

DYER, Circuit Judge:

Pond's suit against Braniff under Title VII of the Civil Rights Act of 1964[1] was dismissed below, *sua sponte*, without prejudice for failure of her counsel to prosecute the case.[2] The effect of the dismissal, however, was to bar litigation of the merits of the case because the time for the filing of Pond's suit under Title VII had expired. We hold, under the facts of this case, that the dismissal was an abuse of discretion and reverse.

On July 20, 1970, the Equal Employment Opportunity Commission issued notice to Pond of her right to sue Braniff for employment discrimination. The notice required that suit be brought within thirty days of its issuance as

1. 42 U.S.C.A. 2000e et seq.

2. F.R.Civ.P. 41(b).

provided by Section 706(e) of Title VII and Pond complied. On April 14, 1971, the district court by a pre-trial notice and order required counsel for Pond to prepare and submit a proposed pre-trial order at least one week prior to the date set for trial and to submit three days in advance of trial requests for jury instructions and proposed findings of fact and conclusions of law. Pond's counsel, through inadvertence, failed to comply with these orders, and when both attorneys appeared for trial the court dismissed plaintiff's complaint for the default of her counsel. Pond's motion to reinstate under Rule 60(b) (1), Fed. R.Civ.P., was denied. Pond urges on appeal that the sanction imposed was too severe when, as here, the inadvertence of counsel involved no willful contempt and plaintiff has had no hand in the dereliction.

 The dismissal of Mrs. Pond's complaint was fatally prejudicial notwithstanding the recitation by the court to the contrary. We do not doubt the district court's power to dismiss with prejudice for failure to prosecute or to comply with court orders, either pursuant to the Federal Rules of Civil Procedure, or, *sua sponte*, in the exercise of the inherent power of federal courts to control their dockets. Link v. Wabash R. Co., 1962, 370 U.S. 626, 629–630, 82 S.Ct. 1386, 8 L.Ed.2d 734; Flaksa v. Little River Marine Construction Co., 5 Cir. 1968, 389 F.2d 885, 887, cert. denied, 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387; Fed.Rules Civ.Proc. 41(b). But such a dismissal must be within the sound discretion of the court. Our review is to determine the abuse *vel non* of the court's discretion. Brown v. Thompson, 5 Cir. 1970, 430 F.2d 1214, 1216; Flaksa v. Little River Marine Construction Co., *supra*.

 A dismissal with prejudice is a drastic sanction which may affect substantial rights of the litigant and is to be used only in extreme situations, Flaksa v. Little River Marine Construction Co., supra, 389 F.2d at 887, where there is "a clear record of delay or contuma-

cious conduct by the plaintiff," Durham v. Florida East Coast Railway Co., 5 Cir. 1967, 385 F.2d 366, and where lesser sanctions would not serve the best interests of justice. Brown v. Thompson, *supra*. We do not find these extreme circumstances in this case. Pond was not a participant in the fault, and the conduct of counsel was no more than inadvertence. This is not to say that the trial court may not impose such lesser sanctions as it may find appropriate against counsel, *see* Woodham v. American Cystoscope Co., 5 Cir. 1964, 335 F.2d 551.

The order of dismissal is reversed, and the cause is remanded with directions to reinstate it.