**Robert CONNOLLY, Plaintiff-Appellant,**

v.

**PAPACHRISTID SHIPPING LTD. et al., Defendants-Appellees.**

**No. 74–1214.**

United States Court of Appeals, Fifth Circuit.

Dec. 9, 1974.

Martin L. Katz, Herbert Zelenko, New York City, for plaintiff-appellant.

Victor T. Hudson, William W. Stoudenmire, Mobile, Ala., for defendants-appellees.

Before TUTTLE, RONEY and GEE, Circuit Judges.

TUTTLE, Circuit Judge:

This case involves a dismissal of plaintiff's claim with prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

The plaintiff, Robert Connolly, a citizen of Grand Caymen Islands, British West Indies, was an able-bodied seaman on a vessel owned by the defendant. On October 10, 1972, he was injured in an accident at sea and subsequently filed suit in the Southern District of Alabama on October 16, 1972 alleging both Jones Act and general maritime claims for personal injury. The case proceeded in an orderly fashion. Discovery was commenced immediately, and by January 1, 1973 the plaintiff filed six depositions with the court. On defendant's motion discovery was twice extended, until it was ultimately cut off on April 16, 1973. During this time the plaintiff filed lengthy interrogatories and a motion for production of documents. The pre-trial

conference set for June 6 was delayed, and several times during the succeeding months the trial court heard status reports on the proceedings in the case. The docket entries do not show the substance of these status reports, nor was a record taken of them.

On September 14, 1973, the cause was reset for trial on October 16, 1973. From the trial court's order of October 16, 1973 we learn that sometime during September the plaintiff's counsel represented to the trial court that the plaintiff had been unwilling to communicate with them, and had refused to respond to an offer of compromise the plaintiff's local counsel and the defendant had arrived at which the plaintiff's counsel thought was a satisfactory settlement.

On October 12, 1973 the plaintiff's local Mobile counsel moved the court to allow them to withdraw from the case, and on October 16 the trial court granted this motion. The trial court ordered the plaintiff to inform the court no later than November 1 of local replacement counsel, and further ordered the plaintiff to be prepared to comply with its order setting the pre-trial for November 21. The order specified that copies would be mailed to the plaintiff in Grand Caymen, and the plaintiff's Grand Caymen counsel.

On November 2, one day after the deadline established by the trial court for selection of local replacement counsel, the plaintiff's original counsel in the case (who had by this time withdrawn)

moved the court on behalf of the plaintiff to dismiss the suit *without prejudice,* stating in the motion that the plaintiff had engaged New York counsel who intended to prosecute the matter. This motion was denied on November 8. On November 21, at the pre-trial conference, new counsel appeared on behalf of the plaintiff, who moved the court to permit them to appear as counsel for the plaintiff, and further moved for a continuance so that they would adequately be able to represent the plaintiff's interest. In that motion, this new set of local Mobile counsel stated to the court that they had been retained only the day before, and that they were unprepared to participate in the pre-trial conference at that time. The trial court's response was to dismiss the suit *with prejudice* on the grounds that the plaintiff had failed adequately and diligently to prosecute the matter, and had failed to comply with the court's pre-trial order. Plaintiff appeals this ruling of the trial court. We reverse.

The trial court's decision to permit the plaintiff's original counsel to withdraw on October 16 was largely premised on the representation of that counsel that the plaintiff had refused to communicate to them his decision on the offer of compromise.[1] We do not believe the decision of the trial court to dismiss with prejudice complies with the standards established by this Court in Flaksa v. Little River Marine Construction Co., 389 F.2d 885 (5th Cir. 1968),

---

1. There is neither in the motion itself nor in any accompanying affidavit counsel's representation as to these matters. The record is silent as to the actual facts relating to appellant's failure to cooperate, except for the trial court's recitation in its order. At oral argument in this Court the plaintiff's present counsel sought to introduce documents which seem to show that the plaintiff's original counsel were in continued communication with the plaintiff's Grand Caymen counsel throughout the month of September, and that their representations to the court in September that the plaintiff had not indicated to them his decision on the offer of compromise might have been untrue, and that at the very least the plaintiff had com-

municated to them his firm intention to proceed to trial by the time they filed their motion to withdraw on October 12. These documents would tend to show that the district court was misinformed on October 16 when it granted the plaintiff's counsel motion to withdraw based on his refusal to cooperate. Since this evidence could not be considered at this stage of the case, we do not consider it as the basis of reversing the judgment. The proper manner to bring this new evidence forward would have been via a Rule 60(b) motion before the trial court. Because we do not rely on this new material, the failure to bring it to the attention of the trial court is not essential.

cert. denied, 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1969) and Durham v. Florida East Coast Railway Co., 385 F. 2d 366 (5th Cir. 1967).

■■ It is well established that under Rule 41(b) of Federal Rules of Civil Procedure the district court has discretion to dismiss a suit for failure to prosecute if the plaintiff fails to comply with the trial court's orders or with the rules of civil procedure. Link v. Wabash Railway Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), see, generally, 5 Moore, Federal Practice, # 41.11 (2d ed. 1974). Such a dismissal, however, must be within the sound discretion of the court, and this Court will review it to determine whether or not the trial court has abused that discretion. Pond v. Braniff Airways, Inc., 453 F.2d 347 (5th Cir. 1972); Brown v. Thompson, 430 F.2d 1214 (5th Cir. 1970). We have previously felt that this remedy is so drastic that it "should be used only in extreme situations, as the court has a wide range of lesser sanctions." Flaksa v. Little River Marine Construction Co., supra, 389 F.2d at 887–888. In general, the test is whether there is "a clear record of delay or contumacious conduct by the plaintiff," Durham v. Florida East Coast Railway Co., supra, 385 F.2d at 368, and whether "lesser sanctions would not serve the best interest of justice." Pond v. Braniff Airways, Inc., supra, 453 F.2d at 349; Brown v. Thompson, supra, 430 F.2d at 1215. In general, this Court has made it clear that lesser sanctions normally will suffice, and except in the most "flagrant circumstances," Flaksa v. Little River Marine Construction Co., supra, 389 F. 2d at 888, the trial court ought not to resort to sanctions which deprives the litigant of his opportunity to pursue his claim. Woodham v. American Cystoscope Co. of Pelham, 335 F.2d 551 (5th Cir. 1964); Council of Federated Organizations v. Mize, 339 F.2d 898 (5th Cir. 1964).

■ We recognize the real importance of cooperation from parties and attorneys to guarantee that litigation proceeds expeditiously on the all to crowded dockets of the district courts. We recognize further that a court has the inherent power to manage its calendar and to guarantee that errant lawyers and parties recognize that it has the power to impose reasonable and appropriate sanctions to ensure that its orders are complied with. We do not believe, however, that the ultimate sanction of dismissal with prejudice was appropriate under the facts of this case.

■ We recognize first that it is unclear the extent to which the plaintiff failed to cooperate with his Mobile counsel. We note secondly that while the trial court's order of October 16 directed that it be mailed to the plaintiff, there is no indication either the date on which he received notice, or indeed whether he received it at all. We cannot ignore the practical realities that a foreign national who pursues the occupation of seaman might find it difficult to comply with an order giving him only a very few days to find new counsel in Mobile, Alabama when he receives it in the British West Indies.

Finally it appears to us that the plaintiff made substantial efforts to comply with the court's order. We do not know the date on which the plaintiff requested his original counsel to move for dismissal without prejudice. We only know that that counsel filed papers but one day after the deadline established by the trial court for selection of new counsel. After this request was denied, the plaintiff did select new local counsel, but was unable to meet with them in time for them to comply with the order setting a pre-trial for November 21. On this record, therefore, we are not able to find the type of contumacious and vexatious delay occasioned by the willful disregard of a plaintiff for the orderly procedures of a trial court so as to justify that court's dismissal of the plaintiff's possibly meritorious claim.

We therefore reverse and remand for reinstatement on the trial court's docket.