**Joseph A. LOGUE and Sharon A. Logue, Plaintiffs,**

v.

**MILWAUKEE POLICE DEPARTMENT et al., Defendants.**

**Steve DI SALVO and Dorothy Di Salvo, Plaintiffs,**

v.

**MILWAUKEE POLICE DEPARTMENT et al., Defendants.**

Nos. 76–C–748, 76–C–746.

United States District Court, E. D. Wisconsin.

Feb. 22, 1977.

Robert S. Sosnay, Milwaukee, Wis., for plaintiffs.

James B. Brennan, City Atty. by Grant F. Langley, Asst. City Atty., Milwaukee, Wis., for defendants.

DECISION and ORDER

MYRON L. GORDON, District Judge.

This is a civil rights action. The plaintiffs allege that the defendants have engaged in surveillance in violation of the plaintiffs' constitutional rights. The motions presently before the court relate to discovery sought by the plaintiffs from certain defendants.

In case 76–C–746, the defendant Harold A. Breier, chief of police of the city of Milwaukee, has moved for a protective order staying the deposition of another defendant, detective lieutenant Vincent Partipilo. In case 76–C–748, Chief Breier has moved for a protective order staying his own deposition and preventing the plaintiffs' discovery of certain materials sought in the subpoena duces tecum served upon him.

Chief Breier's requests for stays are based on his contention that the plaintiffs have provided neither reasonable nor adequate notice of their intention to take the depositions. After the instant motions were filed, the parties arranged a mutually satisfactory future date for proceeding with the depositions. In view of this resolution, it is now unnecessary to grant the defendants' application for stays.

In case 76–C–748, Chief Breier has applied for a protective order relieving him of the obligation to produce certain documents at his deposition. The subpoena duces tecum served on Chief Breier commands him to produce:

". . . all instructions, diaries, logs, books, orders, papers, and documents: (a) including but not limited to those which may be relevant to or lead to relevant information concerning the assignment of law enforcement agents and officers by deponent or his subordinates for surveillance of the above plaintiffs; (b) concerning the surveillance of the plaintiffs by the defendants herein, named or otherwise."

It is the chief's position that this material is both privileged, as part of an ongoing criminal investigation of the plaintiffs, and irrelevant to their claims of unconstitutional surveillance. The record includes an affidavit by Chief Breier indicating that the defendants have conducted surveillance of the plaintiffs as part of an investigation of possible criminal activity.

There is authority for the proposition that certain police documents concerning a criminal investigation are privileged and therefore not discoverable. *Brown v. Thompson,* 430 F.2d 1214, 1215 (5th Cir. 1970). I also note that the plaintiffs have filed no response whatsoever to the defendant Breier's application, although with the court's approval the parties arranged a mutually agreeable briefing schedule on that motion. These circumstances persuade me that the protective order application should be granted.

Therefore, IT IS ORDERED that the defendant Breier's motions for stays of the depositions scheduled in the above actions be and hereby are dismissed.

IT IS ALSO ORDERED that the defendant Breier's motion for a protective order in case 76–C–748, preventing discovery by the plaintiffs of the materials detailed in his subpoena duces tecum dated December 31, 1976, be and hereby is granted.