**Jacqueline JOCHUM, wife of/and Eugene Richard Jochum, Individually and as Administrator of the Estate of his minor child, Heidi Lynn Jochum, Plaintiffs-Appellants,**

v.

**Robert J. SCHMIDT, Defendant-Appellee.**

No. 76–2520.

United States Court of Appeals, Fifth Circuit.

April 6, 1978.

Jacqueline Mae Goldberg, John H. Brooks, New Orleans, La., for plaintiffs-appellants.

Thomas L. Stennis, II, Gulfport, Miss., for defendant-appellee.

Before HILL, RUBIN, and VANCE, Circuit Judges.

PER CURIAM:

This malpractice claim arises out of an allegedly unauthorized cesarean hysterectomy performed in April 1972. Nearly six years after the alleged wrong, there has still been no trial, and the case reaches this court on issues that do not even relate to the defendant's conduct in performing the operation, but concern instead the failure of plaintiffs' counsel to proceed to trial as scheduled.

Plaintiffs filed their complaint on July 22, 1974, in the Southern District of Mississippi, and listed as attorneys of record, Ms. Jacqueline Goldberg, Mr. Lawrence Smith, and Mr. Robert Homes, Jr. Each of these attorneys signed the complaint. Appellants contend that Mr. John Brooks replaced Mr. Smith in March 1975. However, Mr. Smith never formally withdrew as counsel of record. Appellants also contend it was understood that Mr. Brooks would be the trial attorney. However, the docket sheet did not designate Mr. Brooks or any other attorney as trial attorney, nor was any pleading or letter filed indicating that he was lead counsel or trial attorney.[1] Mr. Homes is the only one of plaintiffs' counsel licensed to practice in the U.S. District Court for the Southern District of Mississippi.

On August 5, 1975, the clerk of the district court mailed a "fly sheet" to plaintiffs' counsel setting trial in the matter for September 15, 1975,[2] and August 22, 1975, for the pre-trial conference, as well as the final date for hearing motions. On August 28, six days after that cut-off date, plaintiffs moved to continue the trial because of an alleged prior commitment of Mr. Brooks to try a case set in a state court in Louisiana. The conflict had been first brought to the court's attention at the pre-trial conference

---

1. Apparently the local rules for the Southern District of Mississippi do not require such a designation. *Compare, e. g.,* Rule 2.3, General Rules of the United States District Court for the Eastern District of Louisiana.

2. Trial had been scheduled once previously and was continued due to illness of plaintiffs' counsel.

on August 22. At that time, the trial judge had informed Mr. Brooks that the three other counsel of record should be prepared to try the case notwithstanding his possible unavailability.

On September 10, five days before the trial date, the motion to continue was heard. The trial judge informed counsel that he would hold the case in its place on the calendar and try it when and if counsel became available during the calendar setting.[3] The court also suggested that, if counsel for plaintiffs desired, the court would grant a voluntary non-suit pursuant to Rule 41(a)(2), Fed.R.Civ.Proc., conditioned on plaintiffs paying costs and attorney's fees incurred by defendant as a result of the delay.[4] Counsel for plaintiffs stated that they wished a voluntary non-suit under the proposed terms. After counsel were excused, the court considered the possibility of continuing the trial one week and summoned plaintiffs' counsel back to his chambers to suggest that course. Plaintiffs' counsel stated they preferred the voluntary non-suit; they expressed no objection to the conditions previously mentioned, payment of defendant's costs and reasonable attorney's fees. Plaintiffs now appeal the court's denial of its motion for a continuance, the dismissal without prejudice, and the imposition of attorney's fees as a condition.

Denying a motion to continue under the circumstances of this case does not constitute an abuse of discretion. *Thompson v. Fleming*, 5 Cir. 1968, 402 F.2d 266, 267; *Peckham v. Family Loan Co.*, 5 Cir. 1959, 262 F.2d 422, 424. The record establishes that plaintiffs' counsel consented to the other order that plaintiffs appeal. The district court has authority, even without such consent, to condition a voluntary non-suit on the payment of costs, including attorney's fees. *LeCompte v. Mr. Chip, Inc.*, 5 Cir. 1976, 528 F.2d 601, 603; *American Cyanamid Co. v. McGhee*, 5 Cir. 1963, 317 F.2d 295; 5 Moore's Federal Practice, § 41.06, at 41–88 to 41–89 (2d ed. 1977).

A trial court "has the inherent power to manage its calendar and to guarantee that errant lawyers and parties recognize that it has the power to impose reasonable and appropriate sanctions to ensure that its orders are complied with." *Connolly v. Papachristid Shipping, Ltd.*, 5 Cir. 1974, 504 F.2d 917, 920; *see also, M.S. v. Wermers*, 8 Cir. 1977, 557 F.2d 170, 175; *Pond v. Braniff Airways, Inc.*, 5 Cir. 1972, 453 F.2d 347; *Thompson v. Fleming, supra*; 9 Wright & Miller, Federal Practice & Procedure, § 2370, at 209–211 (1971 ed.); 5 Moore's

---

**3.** Counsel contends that this proposed continuance, as well as the proposed one week continuance, would have been useless because the trial in Louisiana would not end within the contemplated period. However, there is no basis for inferring that, had the Louisiana trial not ended, the court would not grant a further continuance; there is no explanation for the failure of plaintiffs' other counsel of record to be prepared for trial as scheduled, nor is there an explanation for Mr. Brooks' failure to seek a continuance of the Louisiana case. The judge who presided over the Louisiana trial stated in an affidavit he "would not have entertained any motion to continue absent compelling reasons." It is not apparent that this inclination was known to Mr. Brooks or that the circumstances presented here would not have been compelling to the state court. Trial judges, if counsel request, frequently undertake to discuss the problem with their peers on the state trial bench and reach a mutual accommodation; there is no suggestion that counsel requested either court to assist in resolving the problem if there was one in fact.

**4.** Plaintiffs' counsel contends that he was never informed that attorney's fees would be included in costs. However, there is no basis in the record for this contention. Judge Nixon stated several times in open court that plaintiffs' counsel had agreed to this condition. Plaintiffs' counsel did not object to these statements, nor did he seek to introduce evidence to the contrary. On one occasion, the trial judge stated:

> I wish to reiterate and emphasize that this Court did not dismiss this case with prejudice, did not dismiss this case of its own motion, but granted the plaintiff's motion ore tenus in chambers to voluntarily dismiss this case which was made pursuant to Rule 41(a)(2), and I have dismissed this case as of September 17, 1975, pursuant to Rule 41(a)(2), and imposed the condition that the plaintiffs pay the attorney fees and court costs incurred by the defendant, which is a condition usually or quite often imposed in an order of this type.

Transcript, April 15, 1976, at 42.

Federal Practice, *supra*, at 41–144 to 41–145. *See generally*, 15 A.L.R.Fed. 407 (1973).

 The effect of the consent decree is to impose $4403.50 in attorney's fees and costs on plaintiffs who did not personally occasion the delay and who perhaps can ill-afford such costs. Although courts generally attempt to avoid penalizing litigants for their attorney's mistakes, *Moore v. St. Louis Music Supply Co.*, 8 Cir. 1976, 539 F.2d 1191, 1193–1194, and regardless whether the trial court had authority to impose these costs on counsel personally, *see, Flaksa v. Little River Mar. Const. Co.*, 5 Cir. 1968, 389 F.2d 885, 888, it was not an abuse of discretion to charge plaintiffs personally with "the consequences of the acts or omissions of [their] freely selected agent." *Link v. Wabash R.R. Co.*, 1962, 370 U.S. 626, 633–634, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734. Moreover, it would be grossly inequitable to allow the defendant to suffer the duplicative costs and fees incurred as a result of plaintiffs' counsel's impedance.[5]

Accordingly, the order of the trial court is AFFIRMED.

---

**5.** As the Supreme Court stated in *Link, supra*, 370 U.S. at 634, 82 S.Ct. at 1390, note 10:

> [I]f an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice. But [failing to impose sanctions] merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of plaintiff's lawyer upon the *defendant.* (Emphasis original).