793 F.2d 1292
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In Re: Martin Place Hospital, Debtor,
 84-1756
 United States Court of Appeals, Sixth Circuit.
 5/5/86
 
 AFFIRMED
 E.D.Mich.
 On Appeal From The United States District Court for the Eastern District of Michigan
 BEFORE: KEITH and MARTIN, Circuit Judges; and WEICK, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The United States Government appeals an adverse decision of the district court granting attorney appellee Irving August fee petitions filed in the Martin Place Hospital bankruptcy case. The district court found that the government failed to sustain its burden of proof on its claim of fraud upon the court. The district court also found appellee August and his firm entitled to an additional $15,502 for the sixth interim fee petition and the final fee petition. We hold that the district judge did not abuse his discretion and thus we affirm the district court's decision.
 
 
 2
 This matter was before the district court on the petition for final compensation by appellee Irving A. August for services rendered by him and other lawyers in his law firm as attorneys for the receiver. The petition for reorganization of Martin Place Hospital was filed on September 2, 1977. Since that time, several fee petitions have been filed and considered. The final petition, as amended, includes all of the time records which were submitted on the first six applications, as well as time records reflecting 'new' time since the sixth application. The district court considered both the sixth and final fee applications.
 
 
 3
 The government asserted that appellee's costs were excessive in that he regularly billed in excess of twenty hours per day. Appellee August explained that the inordinate hourly totals on certain dates resulted from inaccurate record keeping; his practice of billing his dictation work on the date that it was typed, rather than the date that it was recorded; and the practice of assigning time to the attorney in charge of the matter when it was uncertain which attorney performed the work. Appellee also testified that multiple billings for the same time resulted from the firm's standard business practices of charging in increments of time.[1] Appellee's witnesses confirmed the firm's timekeeping practices. Furthermore, there was considerable evidence that appellee worked many hours, including taking work home at night and consistently working on the weekends. The district court was convinced that appellee August was a very industrious practitioner whose workload greatly exceeded that of his colleagues in the firm.
 
 
 4
 The district court found that the government failed to prove fraud upon the court. The district court also found that with respect to all matters up through the fifth application, appellee had stipulated to refund $52,912.50. The district court further concluded that appellee had failed to sufficiently prove his claim for services performed in the fifth and final applications because the record keeping was so poor.[2] However, the district court allowed one-third of appellee's claims in the sixth application and final application in the amount of $15,582 because the court found 'that August and his associates have performed a great deal of effective work during' this period and that 'associates have accurately been paid by him for such work.' The district court entered an order directing appellee to repay $37,330.50. This appeal followed.
 
 
 5
 The district court may set aside a prior fee awards judgment for fraud upon the court under Fed. R. Civ. P. 60(b). We will reverse such an order only for abuse of discretion. Lewis v. Pennington, 400 F.2d 806 (6th Cir. 1968), cert. denied, 393 U.S. 983 (1968), reh'g. denied, 393 U.S. 1045 (1969); Brown v. Thompson, 430 F.2d 1214 (5th Cir. 1970). In this circuit, 'when judicial action is taken in a discretionary matter, such action cannot be set aside by a reviewing court unless it has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.' Taylor v. United States Parole Commission, 734 F.2d 1152, 1155 (6th Cir. 1984). Such abuses must be exceptionally unusual and this Court will not substitute its judgment for that of the trial judge. Brown v. Thompson, 430 F.2d at 1216.
 
 
 6
 The government argues that the district court erred in finding that appellee did not commit fraud upon the court. We disagree. Charts in the record indicate that fee petitions filed by the law firm claim appellee expended more than 24 hours of work per day on 19 days during 1980. However, the record also shows that the district court could have reasonably found, without abusing its discretion that appellee's work schedule and billing practice account for the inordinate amount of time claimed on the fee petitions. Since the government can point to neither exceptional nor unusual abuses by the trial judge, we cannot substitute our judgment for his.
 
 
 7
 The government also contends that the district court erred in awarding appellee or his firm any attorney fees. We again must disagree. The district court found that appellee and his associates performed a great deal of effective work during the periods of time covered by the sixth application and final application and that the associates had been accurately paid by the firm for the work. Therefore, we find that the district court did not abuse its discretion in awarding the claimed fees set forth in the sixth and final petitions in the amount of $15,582.00.
 
 
 8
 Accordingly, we affirm the decision of the Honorable James P. Churchill on the basis that he did not abuse his discretion.
 
 
 
 [1]
 Appellee testified that the billing practice of his firm was to record time in quarter-hour increments and that he generally included time spent in preparation for court hearings in the entry made for the court appearance. The practice of the firm was to bill two hours for the court appearances, no matter how brief, to account for travel time. Thus, the district court noted that 'many days would appear to have seen five or more court appearances recorded with at least two hours each.'
 
 
 [2]
 The district court observed that these claims were submitted for periods of time after the district court's order of 1979 emphasizing the importance of accurate record keeping with respect to time