[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11145
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cv-00034-LGW-JEG

YVONNE HICKMAN,

Plaintiff-Appellant,

versus

NATHANIEL HICKMAN,
NATALIE THOMAS,
JASON R. CLARK,
Attorney,
JEFFREY BERRY,
Attorney, in his individual and official capacities,
JOHN WETZLER,
Attorney, in his individual and official capacities,
CARLTON GIBSON,
Attorney, in his individual and official capacities,
STEVE QUEEN,
d.b.a. Sentinel Offender Services,
GLYNN COUNTY, GEORGIA,
a.k.a. Glynn County Georgia,

Defendants-Appellees,

C. JOHNSON, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(April 23, 2014)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Yvonne Hickman, appearing pro se, appeals the dismissal with prejudice of her civil complaint alleging violations of 42 U.S.C. § 1983 for false arrest, false imprisonment, conspiracy, and malicious abuse of process.  The district court dismissed her complaint for failure to comply with the court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  On appeal, Hickman raises numerous claims in her initial brief, but does not directly address the reasons for the district court's dismissal of her complaint.  In her Reply, she maintains that her complaint was not a shotgun pleading and she should not have been ordered to amend.

We review a dismissal under Federal Rule of Civil Procedure 41(b) for abuse of discretion.  *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).  Unless the court specifies otherwise, an involuntary dismissal under Rule 41, other than dismissal for lack of jurisdiction, improper venue, or lack of an indispensable party, is with prejudice.  Fed. R. Civ. P. 41(b).  Although dismissal

2

with prejudice is a drastic remedy, "[t]he court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). Moreover while dismissal is an extraordinary remedy, "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

We construe pleadings filed by pro se parties liberally. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). This liberal construction, however, "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds*, *as stated in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010). Moreover, pro se litigants still are required to conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though there is no required technical form, "each allegation must be simple, concise, and direct." *Id.* at 8(d)(1). All that is required of the statement is that it "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89,

3

93, 127 S. Ct. 2197, 2200 (2007) (alteration in original).  Additionally, each separate claim is required to be presented in a separate numbered paragraph, with each paragraph "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b)); *see Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (stating that multiple claims should be presented separately in adherence to Federal Rule of Civil Procedure 10(b) "and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading").

When a complaint fails to follow Rules 8 and 10, it may be classified as a shotgun pleading.  A shotgun pleading is a pleading that "incorporate[s] every antecedent allegation by reference into each subsequent claim for relief or affirmative defense."  *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006).  As a result, it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief."  *Anderson*, 77 F.3d at 366.  We have repeatedly condemned shotgun pleadings.  *See Davis v. Coca-Cola Bottling Co. Consol.,* 516 F.3d 955, n.54 (11th Cir. 2008) (providing a long list of cases in which we have rejected shotgun pleadings).  When confronted with a shotgun pleading, the court is supposed to order repleading for a more definite statement of the claim.  *Wagner*, 464 F.3d at 1280.

4

In this case, the district court did not abuse its discretion when it dismissed Hickman's complaint for failure to properly respond to the court's August 14, 2012, order.  The district court correctly concluded that Hickman's complaint was a shotgun pleading because it repeated, re-alleged, and incorporated by reference all allegations, facts, and information about the parties in each subsequent allegation of her complaint.[1]  After concluding that Hickman's complaint constituted a shotgun pleading, the court was correct in ordering her to amend and re-file a more definite complaint.  *See Wagner*, 464 at 1280.  The district court was also correct in dismissing Hickman's complaint when she failed to comply with this order.  *See* Fed. R. Civ. P. 41(b); *Moon*, 863 F.2d at 837.

Despite the fact that dismissal is a drastic remedy, the record shows that a lesser sanction would not better serve the interests of justice.  The court granted Hickman's untimely request for more time.  After being granted this extension, Hickman chose to attack the underlying motion on which the court's order was based and declared her refusal to file a new complaint.  Moreover, as it is within the court's discretion to ensure compliance with the rules of procedure, *Brown*, 430 F.2d at 1216, and "dismissal upon disregard of an order, especially where the

---

[1] Hickman's complaint named eight defendants in the caption, several others in the complaint, and was 38 pages long.  It consisted of 23 numbered paragraphs describing the parties, 39 paragraphs of facts, 128 paragraphs listing fourteen counts of allegations, and 55 pages of various documents as exhibits attached.  Each count "repeats and . . . incorporates by reference the allegations" set forth in each preceding count.  Also, Hickman's complaint incorporated by reference every named party and each fact set forth in the complaint into each count.  This is, by definition, a shotgun complaint.  *Wagner* , 464 F.3d at 1279.

5

litigant has been forewarned," as Hickman was here, "is not an abuse of discretion." *Moon*, 863 F.2d at 837.

Therefore, the district court did not abuse its discretion in dismissing Hickman's complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Accordingly, we affirm the district court's dismissal of Hickman's complaint.

**AFFIRMED.**