618 F.2d 322
 6 Bankr.Ct.Dec. 524
 In the Matter of James DOLLESLAGER and Cynthia Dolleslager,
Bankrupts.
HOUSTON CITIZENS BANK & TRUST COMPANY, Appellant,
v.
James DOLLESLAGER and Cynthia Dolleslager, Appellees.
 No. 78-2859.
 United States Court of Appeals,
Fifth Circuit.
 June 2, 1980.
 
 Marvin Schulman, Houston, Tex., for appellant.
 W. Boone Vastine, II, Houston, Tex., for appellees.
 Appeal from the United States District Court for the Southern District of Texas.
 Before TUTTLE, AINSWORTH and SAM D. JOHNSON, Circuit Judges.
 AINSWORTH, Circuit Judge:
 
 
 1
 The Houston Citizens Bank and Trust Company[1] appeals the dismissal of its complaint which sought to bar the discharge in bankruptcy of James and Cynthia Dolleslager pursuant to sections 14 and 17 of the Bankruptcy Act, 11 U.S.C. §§ 32, 35.[2] The complaint was dismissed by the bankruptcy court for appellant's failure to file a timely trial statement, as ordered by the court. The dismissal was subsequently affirmed by the district court. Because the severe sanction of dismissal is disproportionate to the procedural default of appellant, we reverse.
 
 
 2
 On June 3, 1975, James and Cynthia Dolleslager filed a voluntary petition in bankruptcy. The bank thereafter filed a pleading entitled "Objections to Discharge of Bankrupts and Complaint to Determine Dischargeability of Debts," which alleged in part that the bankrupts had obtained an extension of credit and renewal of credit from the bank in the amount of $666,321.41 (including interest and attorney's fees) "by making, publishing, and causing to be made and published, a materially false statement in writing respecting their financial condition." The case was set for trial before the bankruptcy court on February 18, 1976. At that time the first of the three pretrial orders of the court directed the bank to "replead to allege specific statutory violations by January 15, 1976." On January 6, prior to the bank's deadline to "replead," the court on its own motion reset the trial to May 6, 1976. The bank failed to amend its pleadings.
 
 
 3
 For reasons not disclosed by the record, the May 6 trial date was passed, and the case was reset for December 13, 1976. The second pretrial order, entered at that time, required the bank to submit a trial statement by November 19, 1976. The bank fully complied, submitting a timely trial statement setting forth in detail the statutory and factual basis of its claims against the Dolleslagers. The December 13, 1976 hearing date was also passed without trial, again for reasons not disclosed by the record.
 
 
 4
 The case was subsequently reset for hearing on April 11, 1977. Prior to that date, counsel for the bank and the Dolleslagers agreed to submit the case on stipulated facts. However, before the hearing date, the Dolleslagers refused to allow their attorney to enter into the stipulations and obtained new counsel. The bank, with the consent of the Dolleslagers' new counsel, moved for a continuance, which was granted.
 
 
 5
 By letter of April 20, 1977 to all counsel, the bankruptcy judge sought to "bring some order to the procedural morass that has developed." The letter summarized the pleadings against the Dolleslagers, and enclosed a third pretrial order. That pretrial order set the case for hearing on November 7, 1977, and directed the bank to file a new trial statement by September 19, 1977. The court's letter specifically stated that "(p)rior pre-trial orders are herewith voided. Prior trial statements filed will not be considered and new trial statements in conformity with the enclosed pre-trial order must be filed." Counsel for the parties were asked to notify the court in writing that they had received the letter and pretrial order. All counsel so notified the court. The bank, however, did not file a new trial statement on September 19.
 
 
 6
 On September 30, 1977, the Dolleslagers filed a motion to dismiss on the ground that the bank had failed to file a timely trial statement. The certificate of service attached to the motion recites that a copy was served upon counsel for the bank by first class mail. Counsel for the bank denies receiving the motion. The bank did not appear to contest the motion, and on October 19, 1977, the bankruptcy court dismissed the bank's complaint.
 
 
 7
 On October 21, counsel for the bank submitted a "Motion to Reinstate," claiming that a trial statement "has been on file since on or about November 20, 1976." In a memorandum opinion by the bankruptcy court, the motion to reinstate was denied. In that opinion the bankruptcy court stated its reasons for applying the drastic sanction of dismissal.
 
 
 8
 The factors entering into this decision were the following: the length of time the proceedings had been on file; the failure of plaintiff to amend its pleadings as it was ordered to do on September 29, 1975; the failure of plaintiff to comply with the Court's specific orders regarding trial statements; the fact that the pretrial order entered on April 20, 1977 specifically provided for dismissal if the order was not timely complied with; the fact that plaintiff's failure to comply with the order would necessitate a further delay of several months; and the fact that plaintiff did not respond or object to defendants' motion to dismiss.
 
 
 9
 The bank appealed the dismissal of its complaint to the district court, which affirmed the action of the bankruptcy court.
 
 
 10
 The power of a court to dismiss an action for failure of a party to prosecute its claim with reasonable diligence or to comply with court orders or rules of procedure is well established. Flaksa v. Little River Marine Construction Co., 389 F.2d 885, 887 (5th Cir. 1968). Rule 741 of the Rules of Bankruptcy Procedure specifically adopts Rule 41, Fed.R.Civ.P., to govern dismissal of adversary bankruptcy proceedings.[3] Rule 41(b), Fed.R.Civ.P., provides: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." Such a dismissal, however, "must be within the sound discretion of the court, and this Court will review it to determine whether or not the trial court has abused that discretion." Connolly v. Papachristid Shipping Ltd., 504 F.2d 917, 920 (5th Cir. 1974).
 
 
 11
 The established rule in this circuit is that dismissal under Rule 41(b), Fed.R.Civ.P., for failure to comply with an order of the court "is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice." Wrenn v. American Cast Iron Pipe Co., 575 F.2d 544, 546 (5th Cir. 1978); Connolly v. Papachristid Shipping Ltd., 504 F.2d 917 (5th Cir. 1974); Pond v. Braniff Airways, Inc., 453 F.2d 347 (5th Cir. 1972); Brown v. Thompson, 430 F.2d 1214 (5th Cir. 1970). "In general, this Court has made it clear that lesser sanctions normally will suffice, and except in the most 'flagrant circumstances,' . . . the trial court ought not to resort to sanctions which deprives (sic) the litigant of his opportunity to pursue his claim." Connolly v. Papachristid Shipping Ltd., 504 F.2d 917, 920 (5th Cir. 1974), quoting Flaksa v. Little River Marine Construction Co., 389 F.2d 885, 888 (5th Cir. 1968). We must therefore determine whether the present record discloses such a pattern of delay, flagrant circumstances or contumacious conduct that no sanction other than dismissal is appropriate to serve the interests of justice. We conclude that dismissal here was inappropriate and constituted an abuse of discretion.
 
 
 12
 In refusing to reinstate the bank's claims against the Dolleslagers, the bankruptcy court first noted the "length of time the proceedings had been on file." While there has been considerable delay in this case, the record precludes the assumption that all the delay or even most of it is attributable to the bank. The first continuance of the trial in this case was ordered on motion of the court. The record is devoid of any explanation as to why the next two trial dates were also passed without a hearing. We cannot assume that the blame for such delay lies with the bank. A factor complicating the prosecution of this case is the number of times the Dolleslagers have changed counsel during the pendency of this action. The record discloses that the Dolleslagers have dealt with the bank through three different attorneys since filing their bankruptcy petition.[4] Indeed, the fourth continuance granted in this case, on the motion of the bank but agreed to by counsel for the Dolleslagers, was necessitated by a change in counsel for the Dolleslagers.
 
 
 13
 The next factor noted by the bankruptcy court was the failure of the bank to amend its pleadings as ordered in the first pretrial order. While the record does not disclose any reason for this failure to amend, we note that the court on its own motion reset the case for a later hearing prior to the deadline for amending the pleadings, and the second pretrial order entered in this case makes no mention of any amendment requirement. Additionally, the bankruptcy judge's letter accompanying the third pretrial order specifically voids all prior pretrial orders. Finally, the trial statement actually filed in this action, pursuant to the terms of the second pretrial order, clearly satisfies the requirement that the bank "replead to allege specific statutory violations" as it was ordered to do in the first pretrial order. The trial statement sets forth, in specific terms, the statutory provisions relied upon and the factual basis asserted by the bank in making its claims against the Dolleslagers.[5] Therefore, the bank's procedural lapse in failing to amend its pleadings when ordered by the court resulted in no delay or other ascertainable prejudice to the Dolleslagers.
 
 
 14
 Another factor cited by the bankruptcy court in dismissing the bank's complaint was the court's perception that "plaintiff's failure to comply with the order would necessitate a further delay of several months." While such delay would be objectionable, it was not, at the time the court entered its order of dismissal, inevitable. The court dismissed the bank's complaint on October 19, though trial was not to begin until November 7. Since the bank already had filed a trial statement, the court could have required the bank to go to trial on the prior statement. Any allegation by the bank not contained in its prior trial statement would be deemed waived, and the bank would be restricted to the issues and evidence set forth in that statement. Such a procedure would thus not go so far as to deny the bank its cause of action.
 
 
 15
 The bankruptcy court also stated that the bank's failure to respond or object to the Dolleslagers' motion to dismiss justified the dismissal. The bank, on appeal, argues that it never received notice of the motion or the hearing on the motion until the day after the court ordered dismissal of its complaint. If such is the case, the bank's failure to contest the motion can hardly be termed contumacious.
 
 
 16
 The dismissal by the bankruptcy court ultimately rests on the fact that the bank did not file a trial statement as directed by the third pretrial order in this case. In appellant's brief, counsel for the bank stated that "(t)his was not a matter of conscious indifference, but resulted through inadvertence." While this explanation is insufficient to justify counsel's error, the error does not justify the sanction of dismissal. There was on file, at the time the bankruptcy court ordered dismissal, a detailed trial statement submitted by the bank. Though the court had "voided" that trial statement in a letter to counsel, the Dolleslagers nevertheless had a detailed summary of the bank's claim and the evidence the bank would offer to prove that claim. Dismissal of the bank's complaint bars forever the bank's substantial claim against the Dolleslagers. We have been unable to find a case in this circuit, nor has one been cited to us, where imposition of such a drastic sanction has been approved under circumstances similar to those here.
 
 
 17
 The procedural history of this case is not ideal. However, even counsel for the Dolleslagers admitted during oral argument that not all the delay in this case can be attributed to the bank. There has been a lack of diligence and cooperation by both parties in concluding this litigation. There has not been, however, such a pattern of delay, flagrant circumstances or contumacious conduct by the bank that no other sanction other than dismissal is appropriate to serve the interests of justice. The bankruptcy court had other less severe options open to it upon the bank's failure to file a trial statement, including proceeding to trial on the existing trial statement, and assessing costs and attorney's fees. Its order dismissing the bank's complaint therefore constituted an abuse of discretion. The order of the bankruptcy court dismissing the bank's complaint is reversed and the case remanded for trial.
 
 
 18
 REVERSED AND REMANDED.
 
 
 
 [1]
 The bank has changed its name since the initiation of this lawsuit, and is now known as the First International Bank in Houston, N.A
 
 
 [2]
 This action was filed prior to the effective date for the 1978 revision of the Bankruptcy Act, and is therefore governed by the provisions of the Bankruptcy Act of 1898, as amended. Pub.L. 95-598, Title IV, §§ 402, 403, 92 Stat. 2682, 2683
 11 U.S.C. § 32(c)(3) provides:
 The court shall grant the discharge unless satisfied that the bankrupt has . . . credit or as obtained for such business money or property or partnership, or as an executive of a corporation, while engaged in business as a sole proprieter, an extension or renewal of credit, by making or publishing or causing to be made or published in any manner whatsoever a materially false statement in writing respecting his financial condition or the financial condition of such partnership or corporation.
 11 U.S.C. § 35(a)(2) provides:
 A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . . are liabilities for obtaining money or property by false pretenses or false representations . . . .
 
 
 [3]
 According to Rule 701, Rules of Bankruptcy Procedure, adversary bankruptcy proceedings include "any proceeding instituted by a party before a bankruptcy judge to . . . object to or revoke a discharge . . . ."
 
 
 [4]
 At oral argument, counsel for the bank stated that the Dolleslagers' bankruptcy petition was filed by the third of five lawyers that have negotiated with the bank on behalf of the Dolleslagers since the loans in question were first made. The record discloses the names of three different attorneys for the bankrupts
 
 
 [5]
 The trial statement in pertinent part follows:
 I.
 Plaintiff intends to establish at trial that in violation of Section 17 of the Bankruptcy Act of the United States of America (11 U.S.C. Section 35) Defendants obtained an extension and renewal of credit in reliance upon a materially false statement in writing respecting their financial condition which was made and published or caused to be made and published with the intent to deceive the Plaintiff. Plaintiff says that the Defendants furnished plaintiff with financial statements in writing upon which it relied to approve the extension of credit to Defendants and the authorizing of the payment of checks drawn on Plaintiff's bank which caused the Defendant's account to become overdrafted. Plaintiff says that Defendant's financial statements were false and inaccurate in that it reported as an asset inventory which Defendants did not own and accounts receivable which were not owed to the Defendants. The amounts and nature of overstatements and the specific inaccuracies are contained in Paragraphs VIII, IX, X, XI, and XII of Defendant's Objection to Discharge of Bankrupts and Complaint to Dischargeability of Debts which is on file among the papers of this cause which complaint has been served upon the Defendants. Plaintiff incorporates such paragraphs herein by reference as fully as if the same were set out herein word for word. Specifically, Plaintiff says that it will prove that Defendants did not own certain of the inventory, the value of which was reported by them as an asset of their business, and that certain claimed accounts receivable were nonexistent in that certain purported debtors did not in fact owe Defendants money. These Debtors are those individuals listed in Paragraph III hereof as witnesses.
 II.
 Defendant says that the only legal question existing is whether the acts complained of constitute a violation of Section 17 of the Bankruptcy Act of the United States of America (11 U.S.C. Section 35).