United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 15, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30364
Summary Calendar

ROGER D YATES, TRAVIS CARTER, GEORGE MCGUFFEY

Plaintiffs - Appellants

v.

RICHARD STALDER, Secretary

Defendant - Appellee

---------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 98-CV-512-B
---------------------

Before KING, Chief Judge, and HIGGINBOTHAM and PRADO, Circuit
Judges.

PER CURIAM:[*]

Roger D. Yates, Louisiana prisoner #87050, Travis R. Carter,
Louisiana prisoner #97219, and George D. McGuffey, Louisiana
prisoner #87708 (the plaintiffs), inmates at the Louisiana State
Penitentiary (LSP), appeal the grant of summary judgment in favor
of the defendant in their civil rights suit alleging that their
equal protection rights had been violated because female inmates
at the Louisiana Correctional Institute for Women (LCIW) are
treated better than they.  The plaintiffs argue that their motion

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for a default judgment should have been granted because the prison administration took more than 40 days to answer their step 2 grievance. The district court did not abuse its discretion in denying the motion for default judgment because the defendant had not failed to plead or otherwise defend in the instant action. See FED. R. CIV. P. 55; see also Flaksa v. Little River Marine Const. Co., 389 F.2d 885, 887 (5th Cir. 1968).

The plaintiffs also argue that the American Correctional Association (ACA) certificates attached to one of the defendant's pleadings were fraudulent, and they suggest that the original certificates be examined by a crime lab. However, the plaintiffs have offered only conclusory allegations to support their assertion that the certificates are fraudulent, and the certificates were not relied upon by the district court and are immaterial to the review of the district court's judgment. The plaintiffs also argue that the magistrate judge (MJ) denied them due process by refusing to order a hearing regarding the submission of the alleged fraudulent documents. The plaintiffs were not entitled to have a hearing merely because they requested one. See FED. R. CIV. P. 78; M.D. LA. LOC. R. 78.1. The plaintiffs' issues with regard to the ACA certificates are meritless.

The plaintiffs also argue that the district court erred, committed judicial misconduct, and denied them due process by refusing to rule on the objection to the MJ's ruling that no

hearing as to the authenticity of the ACA certificates was required. The district court was not required to rule on the objection because the plaintiffs did not show that the MJ's ruling was clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A). Moreover, because the plaintiffs did not explain how proving the ACA certificates were false would have created a genuine issue of material fact, the court did not abuse its discretion by granting summary judgment without considering the plaintiffs' objection to the MJ's ruling. See Washington v. Allstate Ins. Co., 901 F.2d 1281, 1285 (5th Cir. 1990).

The plaintiffs further argue that the MJ committed misconduct by erroneously stating that the plaintiffs did not allege an Eighth Amendment violation, thereby denying them the opportunity to have their Eighth Amendment claim heard. Even assuming that the plaintiffs' Eighth Amendment claim remained viable after their first appeal to this court, by failing to include their Eighth Amendment claim in opposing the summary-judgment motion, the plaintiffs effectively abandoned that claim. See Hargrave v. Fibreboard Corp., 710 F.2d 1154, 1164 (5th Cir. 1983). Consequently, this issue lacks merit.

The plaintiffs also argue that the MJ denied the truth of the plaintiffs' claim that semi-private rooms exist at LCIW. However, the plaintiffs' complaint was not the existence of semi-private rooms at LCIW but the means by which they were

awarded. Moreover, the MJ found that double and triple occupancy cells exist at LCIW. This issue lacks merit.

The plaintiffs argue that the district court judge and the MJ should have recused themselves. The plaintiffs have not shown that either the district court or the MJ had a personal bias against the plaintiffs, and this assignment of error fails. See Liteky v. United States, 510 U.S. 540, 555 (1994); United States v. Couch, 896 F.2d 78, 81 (5th Cir. 1990); United States v. Devine, 934 F.2d 1325, 1348 (5th Cir. 1991).

We do not consider the plaintiffs' argument, raised in their reply brief, that inmates at LSP and LCIW are similarly situated. See Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994). The plaintiffs' motions for oral argument and to subpoena records are DENIED. The district court's judgment is AFFIRMED.