NIKE, INC., Plaintiff,

v.

ADIDAS AMERICA INC. d/b/a Adidas International, Adidas Salomon North America, Inc., and Adidas Promotion Retail Operations Inc., Defendants.

Civil Action No. 9:06–CV–43.

United States District Court,
E.D. Texas,
Lufkin Division.

March 21, 2007.

Christopher D. Bright and Jennifer L. Yokoyama of McDermott Will & Emery,

Irvin, CA, J. Thad Heartfield of The Heartfield Law Firm, Beaumont, TX, Clayton E. Dark, Jr., Lufkin, TX, David M. Stein and Fay E. Morisseau of McDermott Will & Emery, Irvin, CA, for Plaintiff.

Mitchell G. Stockwell of Kilpatrick Stockton LLP, Atlanta, GA, Allen F. Gardner and Michael E. Jones of Potter Minton PC, Tyler, TX, Bonnie M. Grant, Catherine E. Hart, D. Clay Holloway, Geoffrey K. Gavin, Vaibhav P. Kadaba, Vanessa M. Spencer, and William H. Boice of Kilpatrick Stockton LLP, Atlanta, GA, for Defendants.

## ORDER ON DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S AMENDED INFRINGEMENT CONTENTIONS

CLARK, District Judge.

Plaintiff Nike, Inc. ("Nike") filed suit against Defendants adidas America Inc. d/b/a adidas International, adidas Salomon North America, Inc., and adidas Promotion Retail Operations Inc. (collectively "adidas") claiming infringement of two patents for shoes—United States Patent No. 6,487,796 ("the ' 796 patent") and United States Patent No. 6,298,314 ("the ' 314 patent"). After the claim construction order was entered, Nike served amended infringement contentions asserting infringement allegations under the doctrine of equivalents relating to the ' 796 patent. Adidas has moved to strike Plaintiff's Amended Infringement Contentions [Doc. # 105]. Nike states that its amended infringement contentions were proper under the Local Patent Rules because they were made in good faith in response to this court's construction of the term "vertically-projecting columnar support element."

Adidas argues that these amended infringement contentions should be struck under the Local Patent Rules because: (1) the amended infringement contentions are unwarranted and untimely; (2) there is no good cause to allow amended contentions; and (3) the amended infringement contentions are insufficient. The court concludes that the construction of the term "vertically-projecting columnar support element" was not so different from the parties' proposed constructions as to warrant the need for amended infringement contentions. This case is set for trial in June 2007. The amended contentions were filed only forty-four days before the discovery deadline. They provide, for the first time, a statement of each element of each asserted claim that is allegedly present under the doctrine of equivalents in the accused instrumentality. Under these circumstances, the court will not allow Nike's amended infringement contentions.

### I. Background

The ' 796 patent discloses an article of footwear having a sole comprised of one or more support elements formed of a resilient, compressible material. The sole is alleged to enhance the stability of a wearer's foot, particularly during lateral motion. The support elements are designed to deflect forces generated by movements in a manner that produces a force directed to center the wearer's foot above the sole. The deflection of the force is described as being due to the design of the support elements, which are described as having a downward cant of the support elements' upper surfaces and flexion indentations.

A chronology of events and Scheduling Order deadlines is helpful to the analysis of this case.

July 10, 2006 Nike filed Preliminary Infringement Contentions in accordance with P.R. 3–1 and the Scheduling Order. In these Contentions, Nike only states generally: *"Nike contends in the alternative that the*

*Accused Instrumentalities infringe such claim limitations under the doctrine of equivalents and that any element not found to be literally met is equivalently met....*" Adidas' Motion to Strike Plaintiff's Amended Infringement Contentions, Ex. A, p. 5 [Doc. # 105, Attachment # 2, p. 6 of 19](emphasis added).

August 22, 2006 Adidas served Invalidity Contentions in accordance with P.R. 3–3 and the Scheduling Order.

September 8, 2006 Nike's final amended pleading deadline under the Scheduling Order.

September 22, 2006 Joint claim construction and prehearing statement due in accordance with P.R. 4–3 and the Scheduling Order.

October 3, 2006 Deadline to complete discovery on claim construction in accordance with P.R. 4–4 and the Scheduling Order.

October 6, 2006 Nike served its First Supplemental Infringement Contentions with not even a passing reference to infringement by the doctrine of equivalents.

October 23, 2006 Deadline for opening claim construction brief in accordance with P.R. 4–5(a) and the Scheduling Order.

November 15, 2006 Deadline for joint claim construction chart in accordance with P.R. 4–5(d) and the Scheduling Order.

November 29, 2006 Claim Construction Hearing.

December 18, 2006 Claim Construction Order entered.

January 17, 2007 Nike served the additional amended infringement contentions now at issue. These contentions now include "(or equivalents thereof)" after the description of several allegedly infringing elements of accused devices.

February 16, 2007 Parties to designate expert witnesses on issues for which they have the burden of proof in accordance with Scheduling Order.

March 2, 2007 Deadline for discovery other than damages in accordance with Scheduling Order.

## II. Law and Analysis

### A. Local Patent Rules

Both parties agree this case is governed by the Local Patent Rules.[1] This dispute highlights the tension between the necessity for orderly and complete discovery on the one hand, and the natural desire of litigants to attain important tactical advantages by delaying disclosure of key elements of their case. Over time, the Federal Rules of Civil Procedure have been amended in favor of full and open discovery. *See* Fed.R.Civ.P. 26 Advisory Committee note (1993 Amendments). The Rules are to be "construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1.

Some district courts have recognized that the normal discovery process can be

---

1. The Local Rules were amended on October 27, 2006 and the word "preliminary" was eliminated from all references to infringement contentions and invalidity contentions. The rule change does not substantively affect any of the issues in this case, and the court will refer to the current Local Rules for ease of reference.

very cumbersome and expensive in a complicated patent case. To balance the competing interests of the parties, these courts have adopted Local Patent Rules and frequently enter special scheduling orders. *See* Fed.R.Civ.P. 16(c)(6) and (12). This tracks suggestions made in the MANUAL FOR COMPLEX LITIGATION, FOURTH, § 11.212.

■ Local Patent Rules are a valid exercise of the court's authority to manage its docket in accordance with the Federal Rules of Civil Procedure. *See* Fed. R.Civ.P. 83; *O2 Micro International Limited v. Monolithic Power Systems,* 467 F.3d 1355, 1365–66 (Fed.Cir.2006); *Genentech, Inc. v. Amgen, Inc.,* 289 F.3d 761, 774 (Fed.Cir.2002). The judges of the Eastern District of Texas unanimously adopted the Local Patent Rules. They are posted on the Court's website, and each party was informed in the Order Governing Proceedings that they would apply. The Scheduling Order in this case set deadlines for the parties to complete actions required by the various provisions of the Local Patent Rules.

P.R. 3–1 requires a party alleging infringement to disclose asserted claims and infringement contentions "not later than 10 days after the Initial Case Management Conference...." This disclosure must include "whether each element of each asserted claim is claimed to be literally present or *present under the doctrine of equivalents* in the Accused Instrumentality." P.R. 3–1(d)(emphasis added). This rule, together with P.R. 3–3 requiring disclosure of invalidity contentions, mirror the identically numbered rules of the Northern District of California.[2] They are "designed specifically to 'require parties to crystallize their theories of the case early in the litigation....' " *O2 Mi-*

*cro Intern. Ltd.,* 467 F.3d at 1364 (citations omitted). The patent rules also specifically detail when amended contentions may be served. *See* P.R. 3–6.

Nike states that its amended infringement contentions are proper under P.R. 3–6(a)(1), which provides:

> If a party claiming patent infringement believes in good faith that the Court's Claim Construction Ruling so requires, not later than 30 days after service by the Court of its Claim Construction Ruling, that party may serve "Amended Infringement Contentions" without leave of court that amend its "Infringement Contentions" with respect to the information required by Patent R. 3–1(c) and (d).

This exception is intended to allow a party to respond to an unexpected claim construction by the court. This does not mean that after every claim construction order, new infringement contentions may be filed. That would destroy the effectiveness of the local rules in balancing the discovery rights and responsibilities of the parties. *See Finisar v. DirecTV Group, Inc.,* 424 F.Supp.2d 896, 900 (E.D.Tex. 2006). The Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush." *IXYS Corp. v. Advanced Power Tech., Inc.,* 2004 WL 1368860, * 3 (N.D.Cal. June 16, 2004); *see also STMicroelectronics, Inc. v. Motorola, Inc.,* 307 F.Supp.2d 845, 849 (E.D.Tex. 2004).

A party cannot argue that because its precise proposal for a construction of a

---

**2.** The Local Patent Rules of the Eastern District of Texas were modeled on the rules of the Northern District of California. This court considers interpretations of those rules by courts of the Northern District of California as persuasive authority.

claim term is not adopted by the court, it is surprised and must prepare new infringement contentions. Courts seldom simply adopt the construction of one party or the other. Accepting such an argument would encourage parties to file narrow proposed constructions with an eye towards hiding important contentions until shortly before trial. One of the goals of the Federal Rules of Procedure and the Local Patent Rules is to speed up the litigation process and make it less expensive. *See Finisar*, 424 F.Supp.2d at 901. A party simply cannot wait until shortly before trial to prepare its case. *Id.* Moreover, the right to amend under P.R. 3–6 is subject to the court's duty to avoid unfairly prejudicing adidas "through eleventh-hour alterations." *IXYS Corp.*, 2004 WL 1368860, * 1.

■■■ A court has the inherent power to enforce its scheduling orders and to impose sanctions. Fed.R.Civ.P. 16(f); *see O2 Micro Intern. Ltd.*, 467 F.3d at 1363; *Flaksa v. Little River Marine Const. Co.*, 389 F.2d 885, 887 n. 3 (5th Cir.1968). However, interpretation and enforcement of discovery provisions of the Local Patent Rules should not conflict with, and should harmonize with, the discovery provisions of the Federal Rules of Civil Procedure. *See O2 Micro Intern. Ltd.*, 467 F.3d at 1365. Deciding whether late filed infringement contentions should be excluded is slightly different from deciding whether evidence should be excluded for discovery violations. It is also akin to deciding whether the pleading deadlines of a scheduling order should be extended. Therefore, the court will consider the kinds of factors identified as important in making both types of decisions. *See O2 Micro Intern. Ltd.*, 467 F.3d at 1366; *Finisar*, 424 F.Supp.2d at 899. A non-exclusive list of factors considered by courts includes:

1. The danger of unfair prejudice to the non-movant;

2. The length of the delay and its potential impact on judicial proceedings;

3. The reason for the delay, including whether it was within the reasonable control of the movant;

4. The importance of the particular matter, and if vital to the case, whether a lesser sanction would adequately address the other factors to be considered and also deter future violations of the court's scheduling orders, local rules, and the federal rules of procedure; and

5. Whether the offending party was diligent in seeking an extension of time, or in supplementing discovery, after an alleged need to disclose the new matter became apparent.

*See, e.g., Betzel v. State Farm Lloyds*, 480 F.3d 704, 706 (5th Cir.2006)(listing factors to consider for exclusion of evidence); *Roberts v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir.2003)(rule 37(c)(1) mandates that a trial court punish a party for failure to make disclosures under Rule 26, unless the violation is harmless or is substantially justified); *S & W Enters. ., L.L.C. v. Southtrust Bank of Alabama, N.A.*, 315 F.3d 533, 535 (5th Cir.2003) (party seeking leave to amend a court's scheduling order must show "good cause," i.e., that the deadlines cannot reasonably be met despite the diligence of the party seeking the extension.); *Pioneer Inv. Servs. Co. v. Brunswick Assoc.*, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993) (listing factors in determining excusable neglect).

**B. Whether Amended Infringement Contentions Should be Allowed**

This court issued its claim construction ruling on December 18, 2006. Nike filed

its supplemental infringement contentions on January 17, 2006, within 30 days of this order. Nike claims that these contentions were filed in good faith as a result of this court's construction of the term "vertically-projecting columnar support elements." The parties' proposed constructions, and the court's construction, are as follows:

1. **Nike:** "support elements resembling a column and projecting in a vertical direction."

2. **Adidas:** "a support element that is shaped like a column, having an outer surface forming a continuous perimeter around its upright axis and a substantially circular cross section."

3. **Court:** "a generally cylindrically shaped supporting structure, which may be tapered at either or both ends, and/or grooved or fluted, the non-circular axis of which is oriented generally from the sole to the upper and not between the medial and lateral sides of the foot."

█ Nike does not explain why the court's construction was so different that amended infringement contentions were necessary. Nike only states that the court did not adopt either of the parties' proposed definitions. While the court did not specifically adopt either of the parties' proposals, the court did not wholly depart from them either. Rather than simply repeat in the definition the claim term "columnar" or "column," the court defined this term based upon the intrinsic evidence and the plain and ordinary usage of the term. *See* Memorandum Opinion and Order Construing Claim Terms of United States Patent No. 6,487,796 and No. 6,298,-314, pp. 7–13 [Doc. # 93]. The definition adopted by the court was in fact similar to the definition cited by Nike in its Opening Brief. *See* Nike's Opening Claim Construction Brief, Ex. E, p. 228 [Doc. # 66, Attachment # 5, p. 13 of 31](citing THE MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY TENTH EDITION (1993))(defining "column" as "a supporting pillar, especially one consisting of a usually round shaft, a capital, and a base"). The court concludes that this definition was not so different from the parties' proposal as to warrant amended infringement contentions based on the claim construction.

Nike also discusses that its initial infringement contentions mention the doctrine of equivalents, and so adidas has been on notice regarding this claim. The July 10, 2006 infringement contentions devote two paragraphs to the doctrine of equivalents, and include the blanket assertion that "any element not found to be literally met is equivalently met . . . ." Adidas' Motion to Strike Plaintiff's Amended Infringement Contentions, Ex. A, p. 5 [Doc. # 105, Attachment # 2, p. 6 of 19]. But then Nike apparently chose to abandon any claim of infringement by equivalents—the October 2006 amended contentions do not refer to the doctrine of equivalents at all.

While Nike points out that adidas prudently made some initial preparations for a doctrine of equivalents claim on July 7, 2006 (prior to Nike's infringement contentions), this does not show that adidas would not now be unfairly prejudiced by Nike's more detailed claims under the doctrine of equivalents, or that adidas delayed in bringing a motion to strike or clarify. Accepting Nike's argument that adidas was on notice because its lawyer had considered the doctrine of equivalents would have pernicious consequences. Lawyers who attempted to analyze the possible range of claims against a client would be punished while slothful dullards would be rewarded. Parties would be encouraged to adopt a "rolling" approach to infringement and invalidity contentions in the hope

of hiding their true intentions until late in a case. This would thwart the purpose of the local patent rules.

Based on the brief statements in the July 2006 contentions, followed by the October 2006 contentions in which there was no mention of the doctrine of equivalents, it was reasonable for adidas to assume that the doctrine of equivalents was not being pursued. Nike's January 2007 amended claim charts are the first time Nike identifies which element of each asserted claim is alleged to be present under the doctrine of equivalents in the accused instrumentality. At this stage of the proceedings, allowing these amended contentions would require the court at the very least to extend the expert report deadlines and discovery deadlines. Invariably, this will result in increased costs and more delays. This court is guided by Fed.R.Civ.P.1, which requires the court "to secure the just, speedy and inexpensive determination of every action." These factors weigh against allowing new contentions.

Moreover, the fact that Nike initially mentioned the doctrine of equivalents in passing suggests that Nike was aware of the possibility of pursuing the doctrine of equivalents prior to this court's claim construction ruling. No reason has been given for waiting until six months after its initial contentions, and a little over a month prior to the close of discovery (except for damages discovery), to actually disclose its position on infringement. This delay shows that Nike did not act with diligence in seeking to amend its contentions and that the delay was within Nike's control. *See 02 Micro Intern. Ltd.,* 467 F.3d at 1367 (approving district court's finding of lack of diligence where there was a three month delay in amending contentions). These factors weigh against allowing new contentions.

The final factor is the importance of the doctrine of equivalents to Nike's case. While adidas, like most defendants, asserts that literal infringement is foreclosed by the court's claim construction of "vertically-projecting columnar support elements," Nike certainly has not indicated that the court's claim construction somehow disposes of its literal infringement allegation. Additionally, while the doctrine of equivalents is frequently a handy alternative for a plaintiff, it appears on first glance that any claim of equivalents may be severely limited by prosecution history estoppel. *See* Memorandum Opinion and Order Construing Claim Terms of United States Patent No. 6,487,796 and No. 6,298,314, pp. 8–10 [Doc. # 93]. The "importance of the matter" factor does not weigh heavily in favor allowing the amended contentions.

On balance, the court finds that the factors weigh in favor of striking Nike's amended infringement contentions of infringement by equivalents.

IT IS THEREFORE ORDERED that Defendants' Motion to Strike Plaintiff's January 17, 2007 Amended Infringement Contentions [**Doc. # 105**] is **GRANTED.**

So **ORDERED** and **SIGNED** this 21 day of **March, 2007.**