[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14277
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cv-21639-DMM

KELVIN RANCE,

Plaintiff - Appellant,

versus

ROCKSOLID GRANIT USA, INC.,
as owner of the fictitious name Granite
Transformations,
GRANITE TRANSFORMATIONS,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 4, 2012)

Before TJOFLAT, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Kelvin Rance, proceeding *pro se*, appeals the denial of his request for a continuance and the dismissal of his civil complaint asserting claims arising from Rance's half-day of employment with Defendants.

I.

Rance filed this suit in June 2008, and trial was initially scheduled to occur in March 2009. That date was rescheduled a number of times over the course of two years. On July 15, 2011, the district court set a trial date for August 4th and the afternoon of August 5th—a time tailored to accommodate Rance's dialysis treatments which occurred three mornings a week. Rance then filed a motion to continue the trial, and Defendants filed a motion to set trial for the week of August 8, 2011. The district court granted these requests and set a new date for trial: August 11, 2011. On July 28, 2011, the district court held a status hearing and confirmed with both parties that they could be present for trial on August 11, 2011. Rance expressed concerns that he might have a kidney transplant some time soon, but stated no other conflicts with the August 11th trial date. The district court warned both parties that it would not continue the case, and closed by telling both parties it would see them next on August 11th.

On August 8, 2011, Rance filed for a continuance on the grounds that (1) he

2

had a cardiologist appointment on August 11, 2011 and (2) he had been unable to depose a witness that knew material information. The district court denied the continuance and pointed out that it had already granted Rance continuances for medical reasons. Rance gave no formal notice to the court that he intended to miss the trial, yet on August 11, Rance failed to show. The district court then dismissed the case with prejudice.

## II.

### A.

We review for abuse of discretion the denial of a continuance and the dismissal of a complaint. *Romero v. Drummond Co.*, 552 F.3d 1303, 1320 (11th Cir. 2008); *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 n.14 (11th Cir. 2009). A district court has the authority to manage its own docket and " need not tolerate defiance of reasonable orders." *Equity Lifestyle Props.*, 556 F.3d at 1241. District courts "enjoy broad discretion in deciding how best to manage the cases before them." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997).

### B.

We determine whether a denial of a continuance constitutes an abuse of discretion by evaluating four factors: (1) the moving party's diligence in case

3

preparation; (2) the likelihood that granting the continuance would have remedied the need for it; (3) the level of inconvenience the court and the opposing party would have experienced had the continuance been granted; and (4) the harm that the moving party suffered. *Romero*, 552 F.3d at 1320. We also consider as relevant to our analysis whether a continuance has previously been granted. *Quiet Technology DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1351 (11th Cir. 2003).

Here, the record reveals that Rance was diligent in his case preparation, but had difficulties actually readying himself for trial even after being granted additional time. Indeed, the record reflects that prior to denying the continuance, the district court had pushed back the trial date more than once and had tried to accommodate Rance's health problems when making scheduling decisions. Although Rance was ultimately adversely effected by the denial of a continuance, Defendants and the court would have suffered great inconvenience had it been granted, especially given the history of this case. Nor is there any guarantee that had the continuance been granted, Rance would have completed his discovery and been in adequate health to show up to trial. In light of the record, we do not find that the district court abused its discretion by denying Rance another continuance.

C.

4

As part of its inherent authority to regulate its docket, a district court may *sua sponte* dismiss a case for failure to prosecute or failure to comply with court orders. *Pond v. Braniff Airways, Inc.*, 453 F.2d 347, 349 (5th Cir. 1972); *see also* Fed. R. Civ. P. 37(b)(2)(A)(v) (permitting dismissal as a sanction for failure to comply with a court order); Fed. R. Civ. P. 41(b) (stating that a dismissal is permissible "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order"). A dismissal with prejudice is a severe sanction and should only be employed when a plaintiff has demonstrated a record of delay or disobedience and lesser sanctions would be insufficient. *Pond*, 453 F.2d at 349.

In this case, the district court moved the trial date later a number of times to allow the parties additional time for discovery. When Rance requested a continuance in July 2011, the district court granted it, despite the many delays and deadline extensions in the trial. The court also made efforts to accommodate Rance's health issues and treatment schedule. After the district court had set a trial date of August 11, 2011 and confirmed the date with both parties, Rance then protested that a pre-existing medical appointment conflicted with the trial. Rance did not provide the court with documentation of this appointment, nor did Rance notify the court that he would not attend the trial or provide an alternate explanation for his absence. Thus, on August 11, 2011—years after this case was

5

instigated—Defendants stood present ready to litigate, but Rance was inexplicably and inexcusably absent.  Under the circumstances, we cannot say that the district court abused its discretion by responding to Rance's absence by dismissing the case with prejudice.

    **AFFIRMED.**[1]

---

[1] Because we affirm the district court's dismissal of this case, we need not address the other issues raised by Rance for which we could not provide meaningful relief.  *See, e.g., Cook v. Randolph Cnty.*, 573 F.3d 1143, 1156 n.7 (11th Cir. 2009).

6